JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1156

-------------------------------------------------------------X

Index No.

LINWOOD MCCOY,

COMPLAINT

Plaintiff,

-against-

UNITED STATES OF AMERICA

Defendants.

RECEIVED
FEB 24 2014
U.S.D.C. S.D. N.Y
CASHIERS

-------------------------------------------------------------X

Plaintiff, by his attorney, UWEM UMOH, ESQ., as and for a complaint herein,

respectfully sets forth and alleges as follows:

1.      That at all times herein mentioned, the defendant, United States,

Department of Veteran Affairs performed medical services on plaintiff.

2.      That at all times herein mentioned defendant United State of America

performed these acts within the Southern District of New York.

3.      At all times herein mentioned, the United State of America, through its

agent the dept. of Veteran Affairs ("VA") performed surgery on plaintiff following

after he broke his jaw.

4.      On or about October 10, 2009, plaintiff, a 51 year old male, was taken to

the VA Hospital because of an injury to his left mandible.

5. Following surgery, he was released on October 23, 2009.

6. Because of the negligent manner in which surgery was performed, plaintiff

was left with blood clot in his head that resulted in plaintiff having a stroke.

7. That at all times herein mentioned, the defendant VA Hospital held itself out as a medical facility duly qualified and capable of rendering adequate medical care, treatment and services to the public, and for such purposes, hired doctors, nurses, attendants and other personnel.

8.     That at all times herein mentioned, the defendant VA Hospital represented that physicians, residents, interns, nurses, radiologists, technicians and other medical personnel in its employ or on its staff were qualified and capable of rendering emergency, medical, health care treatment, radiological, anesthesiology and surgical services in accordance with good and accepted standards of medical and hospital practice

9.     At all times herein mentioned, plaintiff was a patient of defendant United States, Department of Veteran Affairs Hospital.

10.     . Beginning on or about October 9, 2009 and continuing thereafter through on or about October 23, 2009, plaintiff was a patient of the defendants, their agents and /or employees under the medical diagnosis, care and treatment of said defendants and as a result of the failure of the above defendants, their agents, servants and/or employees to properly diagnose, care for and treat plaintiff including but not limited to the failure to properly diagnose, care for, and treat the plaintiff's condition, multiple failures to provide timely and necessary diagnosis therefore, failure to properly and timely treat the plaintiff's condition.

11.     Said occurrences were due to the carelessness and negligence of the defendants, their agents, servants and/or employees in failing to treat the

plaintiff in the accepted and proper medical manner and all without any fault or lack of care on the part of the plaintiff herein.

12.     By reason of the foregoing, the plaintiff sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, these injuries were of a permanent and lasting nature; that plaintiff was confined to his bed and home as a result thereof and was incapacitated from attending to his regular activities, and there was caused to be expended sums of money for medical and hospital care on his behalf.

## AS AND FOR A FIRST CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

13.     Plaintiff repeats and re-alleges each preceding paragraph with the same force and effect as though fully set out herein.

14.     Defendants failed to inform the plaintiff of the risks, hazards and alternatives connected with the treatment rendered and procedures performed, so that an informed consent could be given.

15.     Reasonably prudent persons in the plaintiff's position would not have undergone the treatment rendered and procedures performed, if they had been

fully informed of the risks, hazards and alternatives connected with said treatment.

16.    The failure to adequately and fully inform the plaintiff of the risks, hazards and alternatives of the treatment rendered and procedures performed, is a proximate cause of the injury the plaintiff sustained.

17.    As a consequence of the foregoing there was no informed consent to the treatment rendered and procedures performed.

## AS AND FOR A SECOND CAUSE OF ACTION

18.    Plaintiff repeats and re-alleges each preceding paragraph with the same force and effect as though fully set out herein.

19.    Defendant United States of America prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, nurses and other employees.

20.    As a result of this failure, plaintiff received sub-standard care and was injured.

21.    Defendant United State of America's failure to investigate was a proximate cause of plaintiff's injury.

22.    Defendant is liable for all of plaintiff's damages including but not limited to plaintiff's non-economic loss.

23. Defendant is liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss.

24.    The defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss.

25.    That by reason of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, suffered severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and medical expenses in an effort to be cured of such injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

26.    That by reason of the foregoing, the plaintiff has been damaged in a sum to be determined by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION

27.    Plaintiff repeats and re-alleges each preceding paragraph with the same force and effect as though fully set out herein.

28.    Defendant United States of America was negligent in its performance of its duties which resulted in plaintiff suffering permanent injuries.

29.    As a result of this failure, plaintiff received sub-standard care and was injured.

30.    Defendant is liable for all of plaintiff's damages including but not limited to plaintiff's non-economic loss.

31. Defendant is liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss.

32.    The defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss.

33.    That by reason of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, suffered severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and medical expenses in an effort to be cured of such injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue her usual duties with the

same degree of efficiency as prior to this occurrence, all to plaintiff's great

damage.

WHEREFORE, plaintiff demands judgment against the defendants in a sum

beyond the jurisdiction of all lower courts, together with the costs and

disbursements of this action, and with interest from the date of this negligence.

_February 24_ , 2014

UWEM UMOH, Esq.
Attorney for the Plaintiff
25 Bond Street,
Brooklyn, New York 11201
(718) 360-0527

UNITED STATES DISTRICT COURT
COUNTY OF BRONX
--------------------------------------------------------X

LINWOOD MCCOY,

                              Plaintiff,

        -against-

UNITED STATES, Department of Veteran Affairs

                              Defendants.
--------------------------------------------------------X

Index No.

**CERTIFICATE
PURSUANT TO
CPRL 3012(a)**

        UWEM UMOH, ESQ., an attorney licensed to practice in the State of New

York, certifies that I have reviewed the facts of the within action and consulted

with a physician who is licensed to practice in New York State and who is

knowledgeable in the relevant issues involved in the within action. Based on this

review and consultation, I have concluded there is a reasonable basis for the

commencement of this action.


Dated:        Brooklyn, New York
              February 24, 2013


                                            UWEM UMOH